IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
*In re*:                                              :     **Chapter 15**
                                                      :
**ESSAR STEEL ALGOMA INC.**                           :     Case No. 15– _____ (     )
                                                      :
    Debtor in a foreign proceeding.              :
                                                      :
Tax I.D. No. 132470642 (Canada)                       :
---------------------------------------------------------------- x
                                                      :
*In re*:                                              :     **Chapter 15**
                                                      :
**ESSAR STEEL ALGOMA INC. USA**                       :     Case No. 15– _____ (     )
                                                      :
    Debtor in a foreign proceeding.              :
                                                      :
Tax I.D. No. 42-1768788 (Delaware)                    :
---------------------------------------------------------------- x
                                                      :
*In re*:                                              :     **Chapter 15**
                                                      :
**ESSAR TECH ALGOMA INC.**                            :     Case No. 15– _____ (     )
                                                      :
    Debtor in a foreign proceeding.              :
                                                      :
Corp. I.D. No. BC1018811 (British Columbia)           :
---------------------------------------------------------------- x
                                                      :
*In re*:                                              :     **Chapter 15**
                                                      :
**ESSAR STEEL ALGOMA (ALBERTA) ULC**                  :     Case No. 15– _____ (     )
                                                      :
    Debtor in a foreign proceeding.              :
                                                      :
Corp. I.D. No. 2018396883 (Alberta)                   :
---------------------------------------------------------------- x

FILED 2015 NOV -9 PM 5:10 CLERK U.S. BANKRUPTCY COURT DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 15
                                                             :
CANNELTON IRON ORE COMPANY                                   :    Case No. 15– _____ (     )
                                                             :
    Debtor in a foreign proceeding.                          :
                                                             :
Tax I.D. No. 55-0529965 (Delaware)                           :
------------------------------------------------------------ x
```

**MOTION OF FOREIGN
REPRESENTATIVE FOR ENTRY OF ORDER
AUTHORIZING JOINT ADMINISTRATION OF DEBTORS'
<u>CHAPTER 15 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)</u>**

Essar Steel Algoma Inc. ("**Algoma Canada**"), in its capacity as the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**"), who have filed an application in a foreign proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), respectfully represents:

<u>**Jurisdiction and Venue**</u>

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. These cases have been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of the CCAA Proceeding pursuant to 11 U.S.C. § 1515 of the Bankruptcy Code.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), Algoma

2

consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

### Relief Requested

4. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1, the Foreign Representative seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Order**"), directing (a) the joint administration of these chapter 15 cases for procedural purposes only, and (b) parties in interest to use a consolidated caption to indicate that any pleading filed relates to the jointly administered chapter 15 cases.

5. The Foreign Representative further requests that the caption of these chapter 15 cases be modified to reflect their joint administration.

*[Remainder of Page Intentionally Left Blank]*

6. A proposed consolidated caption (the "**Proposed Caption**") for all notices, applications, motions, and other pleadings is as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
*In re:*                                                                             :        **Chapter 15**
:
**ESSAR STEEL ALGOMA INC.,** *et al.*,[1]        :        Case No. 15– _____ (    )
:
:
**Debtors in a foreign proceeding.**                :        **(Jointly Administered)**
:
---------------------------------------------------------- x

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

7. The Foreign Representative requests that the Court find that the Court maintain one file and one docket for all of Algoma's chapter 15 cases under the case number assigned to Essar Steel Algoma Inc., and that these chapter 15 cases be administered under the Proposed Caption.

8. In addition, the Foreign Representative requests that the Court authorize and direct that a notation substantially similar to the following be entered on the docket of each of Algoma's chapter 15 cases, except in the case of lead-debtor Essar Steel Algoma Inc., to evidence the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Essar Steel Algoma Inc., Essar Steel Algoma Inc. USA, Essar Steel Algoma (Alberta) ULC, Essar Tech Algoma Inc., and Cannelton Iron Ore Company. The docket in Case No. 15-_____ (    ) should be consulted for all matters affecting this case.

9. Further, the Foreign Representative requests that the Court authorize the Foreign Representative to use a combined service list for the jointly administered cases and that combined notices be sent to Algoma's creditors and other parties in interest, as applicable.

10. In support of this Motion, the Foreign Representative refers the Court to the statements and arguments contained in the (a) *Declaration of J. Robert Sandoval in Support of (I) Verified Chapter 15 Petitions; (II) Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Main Proceeding; and (III) Certain Related Relief* (the "**Sandoval Declaration**"), (b) *Declaration of John Ciardullo in Support of Verified Chapter 15 Petitions and Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding* (the "**Ciardullo Declaration**"), (c) the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of Bankruptcy Code* (the "**Recognition and Relief Motion**"), and (d) *Memorandum of Law of Foreign Representative in Support of (I) Verified Chapter 15 Petitions and (II) Motion of Foreign Representative for Orders Granting Provisional and Final Relief in Aid of Foreign Main Proceeding* (the "**Memorandum of Law**"), which were filed contemporaneously herewith and are incorporated herein by reference.

## Background

11. On November 9, 2015, Algoma commenced the CCAA Proceeding in the Canadian Court and the Canadian Court issued an order (the "**CCAA Initial Order**") that same day granting certain relief in connection with the CCAA Proceeding.

12. Subsequently, on the date hereof (the "**Commencement Date**"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, verified

chapter 15 petitions seeking recognition by the Court of the CCAA Proceeding as the foreign main proceeding under chapter 15 of the Bankruptcy Code in respect of each of the Debtors.

## Algoma's Business

13.  Algoma operates one of the largest integrated steel manufacturing facilities in Canada, producing high-quality steel and steel products for customers throughout North America.  In 2015, approximately 50% of Algoma's steel products were sold to customers located in Canada, and the other 50% to customers located in the United States ("**U.S.**"). Algoma primarily manufactures two types of products, sheet and strip steel and plate steel, which it markets and sells directly to its customers or to steel service centers who distribute them to buyers in the automotive, construction, and heavy equipment markets.  Algoma's headquarters and primary operations are located in Sault Ste. Marie, Ontario, Canada, but it also maintains a U.S. presence and employs U.S. employees.

14.  Additional information about Algoma's business, capital structure and the circumstances leading to the commencement of the CCAA Proceeding and these cases can be found in the Sandoval Declaration, Ciardullo Declaration, Recognition and Relief Motion, and Memorandum of Law.

## Relief Requested Should be Granted

15.  Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code as Essar Tech Algoma Inc. owns or controls, either directly or indirectly, greater than twenty (20) percent of the outstanding voting securities of each of Essar Steel Algoma Inc., Essar Steel Algoma (Alberta) ULC,

6

Cannelton Iron Ore Company and Essar Steel Algoma Inc. USA.  Accordingly, this court is authorized to consolidate these cases for procedural purposes.

16. In addition, Rule 1015-1 of the Local Rules provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

17. Pursuant to Local Rule 1015-1, the Foreign Representative has filed the Sandoval Declaration contemporaneously herewith.  As set forth in the Sandoval Declaration, there are five (5) Debtors, and more than 11,000 creditors and other parties in interest in these chapter 15 cases.  Joint administration will allow for the efficient and convenient administration of Algoma's interrelated chapter 15 cases, will yield significant cost savings and will not prejudice the substantive rights of any party in interest.

18. Because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, the Debtors and their estates will save substantial time and expense.  Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative dockets, pleadings and papers.  Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "**Clerk**").  The United States Trustee for the District of Delaware (the "**U.S. Trustee**") and other parties in interest will similarly benefit from joint administration of these chapter 15 cases by sparing them the time and effort of reviewing duplicative dockets, pleadings and papers.

19.    Joint administration will permit the Clerk to use a single docket for all of Algoma's cases and to combine notices to creditors and other parties in interest of Algoma. Joint administration also will protect parties in interest in these cases by ensuring that they will be apprised of the various matters before the Court in all of these cases. The Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these chapter 15 cases.

20.    Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates. This Motion does not seek substantive consolidation. As such, each creditor and party in interest will maintain whatever rights it has against the particular Debtor against which it allegedly has a claim or right. Intercompany claims will not be affected, and the Debtors will maintain separate records of assets and liabilities.

21.    Furthermore, Algoma's cases in the CCAA Proceeding are consolidated for procedural and administrative purposes.

22.    An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Del. Bankr. L.R. 1015-1. Moreover, the request for joint administration of interrelated chapter 15 cases is routinely approved by courts in this jurisdiction under similar circumstances and is generally non-controversial. *See, e.g. In re Thane Int'l Inc.*, No. 15-12186 (KG) (Bankr. D. Del. Oct. 27, 2015) (D.I. 3) (directing joint administration of chapter 15 cases); *In re Newsat Ltd.*, No. 15-10815 (LSS) (Bankr. D. Del. Apr. 16, 2015) [D.I. 3] (same); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 16, 2014) [D.I. 27] (same); *In re Arxx Corp.*, No. 13-13313 (KJC) (Bankr. D. Del. Dec. 30, 2013) [D.I. 4] (same); *In re Lone Pine Res. Inc.*, No. 13-12487

(BLS) (Bankr. D. Del. Sept. 26, 2013) [D.I. 15] (same); *In re Xentel Inc.*, No. 13-10888 (KG) (Bankr. D. Del. Apr. 12, 2013) [D.I. 12] (same); *In re Cinram Int'l Inc.*, No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012) [D.I. 3] (same); *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (KG) (Bankr. D. Del. Feb. 23, 2012) [D.I. 27] (same).[1]

23. The Foreign Representative submits that the joint administration of these chapter 15 cases is in the best interests of the Debtors, their creditors and all other interested parties, and that no conflict of interest will arise as a result of joint administration. Requiring separate administration of these chapter 15 cases would subject Algoma (who would be forced to file documents on multiple dockets) and creditors (who would be forced to monitor multiple dockets) to a substantial administrative burden. Moreover, apart from the additional costs associated with monitoring and managing multiple dockets, failure to jointly administer these chapter 15 cases could distract Algoma at a time where achieving a successful restructuring is critical. For all of the foregoing reasons, the Foreign Representative respectfully requests the immediate entry of an order providing for the joint administration of these chapter 15 cases.

## Notice

24. Notice of this Motion shall be given by the Foreign Representative to the following parties, or their counsel, if known: (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) principal parties that have appeared in the CCAA Proceeding as of the date of service of the relevant pleading; (c) the Office of the United States Trustee for the District of Delaware; (d) White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787 (Attn: Scott Greissman, Esq. and Andrew Ambruoso, Esq.), counsel to Deutsche Bank AG, New York Branch, in its capacity as administrative and collateral agent

---

[1] Because of the voluminous nature of the unreported orders cited herein, copies of the orders are not attached to the Motion. Copies of the orders will be made available upon request of Algoma's counsel.

under that certain Prepetition Term Loan Agreement, and to Deutsche Bank AG, Canadian Branch, in its capacity as administrative and collateral agent under that certain Prepetition Revolving ABL Facility; (e) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Senior Notes Administrator), as trustee and collateral agent for the 9.5% Senior Secured Notes; (f) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Junior Notes Administrator), as trustee and collateral agent for the 14% Junior Secured PIK Notes; (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq., Brian Hermann, Esq. and Catherine Goodall, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq. and Maris J. Kandestin, Esq.), counsel to the ad hoc group of noteholders of the 9.5% Senior Secured Notes; (h) Cassels Brock & Blackwell LLP, 2100 Scotia Plaza, 40 King Street West, Toronto, Ontario, M5H 3C2 (Attn:  Ryan C. Jacobs), counsel to the ad hoc group of noteholders of the 14% Junior Secured PIK Notes, (i) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York, 10017 (Attn: Damian Schaible, Esq.), counsel to certain Prepetition Term Loan Lenders; (j) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq.), counsel to Essar Global Fund Limited; (k) Ernst & Young Inc., 222 Bay Street, Toronto, Ontario M5K 1J7 (Attn: Brian M. Denega and Alex F. Morrison), the proposed Monitor in the CCAA Proceeding; (l) the Office of the Delaware Secretary of State; (m) the Internal Revenue Service; (n) the Securities and Exchange Commission; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

**No Prior Request**

25.  No previous request for the relief sought herein has been made to this or any other court in the United States.  As noted above, the Canadian Court has consolidated the Debtors' cases in the CCAA Proceeding for procedural and administrative purposes.

WHEREFORE the Foreign Representative respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:   November 9, 2015
         Wilmington, Delaware

*/s/ Mark D. Collins*
RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:       collins@rlf.com
Email:       defranceschi@rlf.com
Email:       steele@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP

Ray C. Schrock, P.C. (*pro hac vice* pending)
Matthew S. Barr (*pro hac vice* pending)
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email:       ray.schrock@weil.com
Email:       matt.barr@weil.com

*Attorneys for the Foreign Representative*

# **EXHIBIT A**

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| *In re*: | : | **Chapter 15** |
| **ESSAR STEEL ALGOMA INC.** | : | Case No. 15– _____ (    ) |
| Debtor in a foreign proceeding. | : | |
| Tax I.D. No. 132470642 (Canada) | : | |

---

| | | |
|---|---|---|
| *In re:* | : | **Chapter 15** |
| **ESSAR STEEL ALGOMA INC. USA** | : | Case No. 15– _____ (    ) |
| Debtor in a foreign proceeding. | : | |
| Tax I.D. No. 42-1768788 (Delaware) | : | |

---

| | | |
|---|---|---|
| *In re*: | : | **Chapter 15** |
| **ESSAR TECH ALGOMA INC.** | : | Case No. 15– _____ (    ) |
| Debtor in a foreign proceeding. | : | |
| Corp. I.D. No. BC1018811 (British Columbia) | : | |

---

| | | |
|---|---|---|
| *In re*: | : | **Chapter 15** |
| **ESSAR STEEL ALGOMA (ALBERTA) ULC** | : | Case No. 15– _____ (    ) |
| Debtor in a foreign proceeding. | : | |
| Corp. I.D. No. 2018396883 (Alberta) | : | |

---

```
------------------------------------------------------------ x
                                              :
In re:                                        :       Chapter 15
                                              :
CANNELTON IRON ORE COMPANY                    :       Case No. 15– _____ (     )
                                              :
         Debtor in a foreign proceeding.      :
                                              :
Tax I.D. No. 55-0529965 (Delaware)            :
------------------------------------------------------------ x
```

**ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 15**
**CASES PURSUANT TO BANKRUPTCY RULE 1015(b)**

Upon the motion (the "**Motion**")[1] of Essar Steel Algoma Inc. ("**Algoma Canada**"), the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**") for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing joint administration of Algoma's chapter 15 cases for procedural purposes only (the "**Order**"), all as more fully described in the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and Algoma having consented to the Court's authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

relief requested in the Motion (the "**Hearing**"); and upon the Sandoval Declaration, Ciardullo Declaration, Recognition and Relief Motion, and Memorandum of Law, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 15 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 15-_____ (    ).

3. The Clerk of this Court shall maintain one file and one docket for these jointly administered cases, which file and docket for all of these chapter 15 cases shall be the file and docket for Essar Steel Algoma Inc., Case No. 15-_____ (    ).

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re:* | : | Chapter 15 |
| **ESSAR STEEL ALGOMA INC.,** *et al.*,[1] | : | Case No. 15– _____ (    ) |
| **Debtors in a foreign proceeding.** | : | (Jointly Administered) |

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

5. A docket entry shall be made in each of the above-captioned cases, except in the case of lead-debtor Essar Steel Algoma Inc., substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Essar Steel Algoma Inc., Essar Steel Algoma Inc. USA, Essar Steel Algoma (Alberta) ULC, Essar Tech Algoma Inc., and Cannelton Iron Ore Company. The docket in Case No. 15-_____ (    ) should be consulted for all matters affecting this case.

6. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of these chapter 15 cases.

7. The Foreign Representative is authorized to (a) utilize a combined service list for Algoma's jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties in interest as applicable.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the Clerk is hereby directed to enter this Order on the docket in each chapter 15 case of the Debtors.

10. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015          _____
       Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE